**Frank NORRIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 23304.

United States Court of Appeals,
Ninth Circuit.

March 23, 1970.

Frank Norris (appeared), in pro. per.

Clarke A. Knicely (appeared), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and Von Der HEYDT,[*] District Judge.

PER CURIAM:

Appellant, in pro per, appeals from a judgment against him entered in the district court on his Federal Tort Claim action for alleged medical malpractice of defendant's employees, as a result of which appellant alleged he had sustained diabetes mellitus and other physical injuries. The district court found that appellant's diabetes mellitus was not caused by the medical treatment rendered by defendant's employees, and that there was no negligence in the medical treatment they did render him. (Detailed Findings of Fact and Conclusions of Law; C.T. p. 48, et seq.)

Appellant here (1) urges us to re-examine the contradictory evidence introduced below, (2) consider certain facts "he was not allowed to bring out in the lower court," and (3) to rule that

[*] Hon. James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

**696**

the doctrine of res ipsa loquitur was applicable to his case as a matter of law.

The first two requests we cannot grant under well recognized appellate court rules and law. The third calls upon us to make a legal ruling on facts which would not support such a ruling. As appellant himself states:

"Here we have an injury which is very rare. It is an injury that could result from negligence or could result without negligence." (Appellant's Brief, Continuance of Facts and Laws"—p. 2, lines 17 to 19.)

The judgment of the district court is affirmed.